1  WILLIAM C. O'NEILL / SBN 251071
   (wco@rossllp.com)
2  ROSS WERSCHING & WOLCOTT LLP
   Attorneys at Law
3  3151 Airway Avenue, Building S-1
   Costa Mesa, California 92626
4  Telephone: (714) 444-3900
   Facsimile: (714) 444-3901
5
   Attorneys for Plaintiff
6  TOSHIBA AMERICA, INC.
   RETIREMENT PLAN
7

8               UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
9                     SOUTHERN DIVISION
10

11 TOSHIBA AMERICA, INC.                  | Case No.: 8:17-cv-1918
   RETIREMENT PLAN, an employee
12 pension benefit plan, by the TOSHIBA
   AMERICA, INC. BENEFITS               | **COMPLAINT**
13 ADMINISTRATION COMMITTEE, the
14 administrator thereof, in its representative
   capacity,
15
16              Plaintiff,
17
18      v.
19
   KEVIN J. SMITH, an individual,
20
21              Defendant.
22
23
24      1.     Pursuant to the Employee Retirement Income Security Act of 1974, as
25 amended ("ERISA"), and federal common law, Plaintiff Toshiba America, Inc.
26 Retirement Plan ("Plan"), through its administrator, the Toshiba America, Inc.
27 Benefits Administration Committee ("Committee"), brings this Complaint against
28 Defendant, Kevin J. Smith, to remedy Defendant's unjustified refusal to return Plan

                                                                        **Complaint**

funds that were inadvertently distributed to Defendant (due to an administrative error) and are now being wrongfully withheld by Defendant, despite multiple prior notices and requests for repayment.

## JURISDICTION AND VENUE

2. This action arises under the provisions of ERISA and federal common law. Specifically, this is an action brought by the Committee in its capacity as the fiduciary of an ERISA plan pursuant to 29 U.S.C. § 1132(a)(3).

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e) (ERISA civil enforcement).

4. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiff's claims arose in this District and the Plan is administered in this District from an office located at 5241 California Ave., Irvine, CA 92617.

5. The Court has jurisdiction over Defendant because Defendant will be served with process within the United States, and Defendant has minimum contacts with the United States. *See* Fed. R. Civ. P. 4(k)(1)(C) ("Serving a summons . . . establishes personal jurisdiction over a defendant when authorized by a federal statute."); 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States . . . process may be served in any other district where a defendant resides or may be found.").

## THE PARTIES

6. The Plan is a defined benefit, cash-balance retirement plan, and it is an employee pension benefit plan as defined by ERISA section 3(2), 29 U.S.C. § 1002(2). The Plan was established by Toshiba America, Inc., effective as of April 1, 1981.

7. The Committee is a named fiduciary and the administrator of the Plan, and it brings this action on behalf of the Plan and all of its participants and beneficiaries.

8. Defendant, Kevin J. Smith, is a former employee of Toshiba America, Inc. and/or one of its related affiliates (collectively, "Toshiba") and a former participant in the Plan.

9. Upon information and belief, Defendant resides at 7440 S.W. 20th Street, Plantation, FL 33317.

## FACTUAL ALLEGATIONS

### A. DEFENDENT WAS OVERPAID DUE TO AN ADMINISTRATIVE ERROR

10. The Plan provides eligible Toshiba employees with retirement income. The Plan is maintained for the exclusive benefit of its participants and their beneficiaries.

11. Defendant first became employed by Toshiba on October 1, 1986.

12. Typical of defined benefit plans like the Plan at issue here, Defendant began accruing benefits when he became a participant in the Plan.

13. The Plan is funded solely through employer contributions. In other words, employees contribute nothing to the Plan.

14. Toshiba contributed to the Plan on Defendant's behalf and therefore Defendant's accrued benefits grew over the course of his employment with Toshiba.

15. Defendant's employment ended with Toshiba on October 17, 2003.

16. On or about February 21, 2004, Defendant submitted a "Toshiba America, Inc. Retirement Plan Benefit Calculation Sheet/Election Form" and a "Toshiba America, Inc. Retirement Plan Lump Sum Distribution Form" (hereinafter, the "2004 Election Forms"). On the 2004 Election Forms, Defendant elected to receive a direct rollover of his entire Plan benefit as a lump sum (single payment) to a "Putnam Fiduciary Trust" Individual Retirement Account established for his benefit (hereinafter, the "Putnam Fiduciary Trust IRA").

17. Consistent with his election, Defendant received a check dated March 15, 2004, in the amount of $167,923.58 payable to the Putnam Fiduciary Trust IRA for Defendant's benefit. In a cover letter of the same date, Defendant was informed that: "The amount reflected constitutes a full distribution of your benefits under the Toshiba America, Inc. Retirement Plan. You will not receive any additional payments under this plan."

18. As of March 15, 2004—after electing and receiving a rollover of his entire Plan benefit—Defendant was no longer a participant in the Plan.

19. On October 10, 2004, Defendant returned to work at Toshiba. When he did so, he once again became a participant in the Plan and began accruing benefits.

20. After his return to Toshiba, Defendant worked at Toshiba until his employment ended on April 12, 2010.

21. On or about July 2010, after Defendant's second stint of employment with Toshiba, Defendant contacted the Plan to request paperwork to take a second distribution of his accrued benefit from the Plan.

22. Defendant completed and submitted a second set of election forms on or about July 14, 2010 (hereinafter the "2010 Election Forms").

23. On the 2010 Election Forms, Defendant elected a direct rollover of his entire Plan benefit as a lump sum (single payment) to an "Franklin Templeton" Individual Retirement Account established for his benefit (hereinafter, the "Franklin Templeton IRA")

24. Pursuant to Defendant's second election, the funds were disbursed via a check on August 16, 2010, payable as lump sum (single payment) to the Franklin Templeton IRA for Defendant's benefit.

3

25. The amount of this second distribution to Defendant was $214,146.25.

26. The amount of the second distribution **overpaid Defendant by $154,219.89, because it inadvertently took into account Defendant's first period of employment with Toshiba when it should have only taken into account his second period of employment**. Essentially, Defendant was paid out twice for his first period of employment, in violation of the terms of the Plan.

27. Upon information and belief, the funds remain in Defendant's Franklin Templeton IRA account, which is solely in his possession and control.

## B. DEFENDANT HAS IGNORED THE PLAN'S ATTEMPTS TO RECOUP THE OVERPAYMENT

28. Section 8.12 of the Plan, titled "Errors and Misstatements," provides:

> In the event of any error by the Administrator or misstatement, error, or omission of fact by a Participant to the Administrator resulting in payment of Benefits in an incorrect amount, the Administrator shall promptly cause the amount of future payments to be corrected upon discovery of the facts and shall cause the Trustee to pay the Participant, Former Participant, Beneficiary or Contingent Annuitant any underpayment in cash in a lump sum or to recoup any overpayment from future payments to the Participant, Former Participant, beneficiary or Contingent Annuitant in such amounts as the Administrator shall direct or to proceed against the Participant, Former Participant, Beneficiary or Contingent Annuitant for recovery of any such overpayment.

4

29. The Plan did not discover that an administrative error in its recordkeeping system had occurred and that an overpayment was made to Defendant until on or about October 12, 2015.

30. After noticing the administrative error and realizing an overpayment had occurred, the Plan promptly notified Defendant in an attempt to recoup Plan assets that were wrongfully in the hands of the Defendant.

31. The Plan sent letters to Defendant on June 1, 2016 and November 16, 2016, requesting that he return the overpayment. Defendant did not respond.

32. The Plan received a letter from Defendant's counsel on December 22, 2016, requesting an accounting of Defendant's retirement plan benefits and related plan documents.

33. The Plan sent a letter to Defendant's counsel on January 20, 2017, and provided information regarding the calculation of Defendant's Plan benefits, copies of Defendant's 2004 and 2010 Election Forms, a copy of the check payable to the Putnam Fiduciary Trust IRA in the amount of $167,923.58, a copy of the check payable to the Franklin Templeton IRA in the amount of $214,146.25, and a copy of the Plan documents and Summary Plan Descriptions effective at the time of Defendant's 2004 and 2010 distributions. Neither Defendant's counsel nor Defendant responded to the Plan's January 20, 2017 letter.

34. The Plan sent a letter to Defendant on June 2, 2017, again requesting that he return the overpayment. The June 2, 2017 letter notified Defendant that he could either (i) file a claim with the Plan disputing the amount of the overpayment, or (ii) work out a repayment program with the TAI Benefits Office. Defendant did not respond to the June 2, 2017 letter.

35. The Plan received a letter from Defendant's counsel on July 18, 2017, which indicated that Defendant's counsel did not receive the Plan's January 20, 2017 letter and accompanying materials. In response, the Plan sent Defendant's

counsel a second copy of all materials regarding Defendant's $154,219.89 overpayment on July 24, 2017. On July 25, 2017, a legal assistant to Defendant's counsel confirmed receipt of the July 24, 2017 materials.

36. After receiving no further response from Defendant's counsel, the Plan sent emails to Defendant's counsel on August 24, 2017, August 28, 2017 and August 30, 2017 requesting a response. Defendant's counsel did not respond to the August 24, 2017, August 28, 2017 and August 30, 2017 emails from the Plan.

37. The Plan sent a final letter to Defendant's counsel on September 20, 2017. The September 20, 2017 letter stated that the Plan would begin litigation to recover the overpayment against Defendant and asked if Defendant's counsel was authorized to accept service of a summons and complaint or a request for waiver of service on behalf of Defendant. Defendant's counsel did not respond to the Plan's September 20, 2017 letter.

38. After receiving no response from Defendant or Defendant's counsel since July 25, 2017, the Plan filed this complaint to recover the $154,219.89 overpayment made to Defendant.

## CLAIMS FOR RELIEF

### Count I:  Equitable and Declaratory Relief to Enforce the Terms of the Plan under ERISA

39. Plaintiff incorporates by reference the allegations in paragraphs 1 through 38 in this Complaint.

40. Defendant was not entitled to a second distribution on August 16, 2010 for his first period of employment, and therefore the second distribution constituted an overpayment of benefits in the amount of $154,219.89.

41. The Plan terms authorize the Committee to seek recoupment of overpayments, as it did on June 1, 2016, November 16, 2016, June 2, 2017, August

**COMPLAINT**

24, 2017, August 28, 2017, August 30, 2017, and September 20, 2017 through the Plan's administrative office.

42. Defendant's refusal to reimburse the Plan the full amount of the overpayment is a violation of the terms of the Plan.

43. The overpayment held by Defendant is a sum certain, paid by the Plan, and is identifiable and traceable from the Plan to Defendant.

44. Upon information and belief, the overpayment is located in an account that is within Defendant's possession and control, specifically, the Franklin Templeton IRA in his name.

45. Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Plaintiff seeks equitable relief, including, but not limited to, an injunction, declaration of rights under the Plan, specific performance, mandamus, constructive trust, and equitable restitution against Defendant to enforce the terms of the ERISA Plan and to prevent Defendant from wasting Plan assets.

### Count II: Unjust Enrichment

46. Plaintiff incorporates by reference the allegations in paragraphs 1 through 45 in this Complaint.

47. Alternatively and, to the extent Plaintiff's claim is not exclusively under ERISA, Plaintiff asserts a claim for unjust enrichment against Defendant under California state law.

48. Defendant was conferred a benefit in the form of a $154,219.89 overpayment from Plaintiff that he was not entitled to receive.

49. Defendant failed to stop the payment or reject the benefit.

50. Defendant retains valuable property in the form of a $154,219.89 overpayment, rightfully belonging to the Plan.

51. Defendant has been unjustly enriched because he had no legal entitlement to this overpayment in the first place, and currently has no legal right to retain the payment.

52. Defendant has no legal justification for retaining the overpayment.

53. Defendant's retention of the overpayment harms the Plan's participants and beneficiaries and needlessly puts their benefits at risk.

54. It would be inequitable, unconscionable, and unjust to allow Defendant to retain the overpayments.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment against Defendant:

1. Directing that Defendant make the Plan whole by ordering Defendant to repay the Plan the amount of the overpayment he received of $154,219.89;

2. Directing that Defendant pay the Plan the reasonable attorneys' fees and costs the Plan has incurred in pursuing this action, and prejudgment and post-judgment interest; and

3. For such other and further relief as the Court deems proper.

DATED: October 31, 2017     By:     */s/ William C. O'Neill*
                                     WILLIAM C. O'NEILL
                                     Attorneys for Plaintiff
                                     TOSHIBA AMERICA, INC.
                                     RETIREMENT PLAN